**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| C.V., by and through his next friend, Joseph St. Pierre,<br><br>           Plaintiff,<br><br>v.<br><br>Epworth Children's Home, Rachel Smith, and Eddie Eades,<br><br>           Defendants. | **CONSENT ORDER**<br><br>**Case No. 7:18-cv-00730-DCC** |
| C.V., by and through his next friend, Joseph St. Pierre,<br><br>           Plaintiff,<br><br>v.<br><br>South Carolina Department of Social Services (SCDSS) and Cindy Britton,<br><br>           Defendants. | **Case No. 7:18-cv-01193-DCC** |

  The Plaintiff requested a telephone conference with the Court prior to filing a Motion to Compel discovery. The telephone conference was held October 10, 2018 at 9:00 a.m. All counsel were present for the call. During the call, Plaintiff's counsel informed the Court that the Defendants had not answered all of Plaintiff's discovery requests. Counsel for both Defendants informed the Court that Plaintiff was requesting documents regarding a minor who is not a party to this action (C.W.) and that they could not release said documents without a Court order. Specifically, Defendant South Carolina Department of Social Services ("SCDSS") contends that it is unable to produce the requested documents without an order of this Court following an in-camera review of the documents pursuant to S.C. Code Ann. § 63-7-1990(B)(11).

Plaintiff opposes an in-camera review as unnecessary when a confidentiality order is effect. In considering the South Carolina Children's Code and Rule 26 of the Federal Rules of Civil Procedure, it becomes apparent that a party may seek the protection of sensitive but relevant information by either (1) arguing the information is protected by privilege or (2) by petitioning the court for a protective order limiting discovery in accordance with Rule 26(c). If there is no privilege, however, then the Court need not follow the in-camera review requirement set forth in the Children's Code.

All privileges asserted in federal court are governed by Rule 501 of the Federal Rules of Evidence, which provides "[t]he common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege unless any of the following provides otherwise: the United States Constitution; a federal statute; or rules prescribed by the Supreme Court." Fed. R. Evid. 501. In a civil case, though, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." *Id.*

This case involves both federal and state law claims, and the evidence in dispute appears to be relevant to both the state and the federal claims. The Fourth Circuit Court of Appeals has held that "in a case involving both federal and state law claims, the federal law of privilege applies." *Virmani v. Novant Health Inc.*, 259 F.3d 284, 293 n.3 (4th Cir. 2001). Therefore, for resolution of the present discovery dispute, concerning material relevant to both federal and state law claims, the Court will apply federal privilege law. The Court has been unable to find any federal appellate decisions that have, as a matter of federal common law, recognized privileges of the sort contemplated by the Children's Code. Thus, the Court must determine, granting due respect to South Carolina's protections in the Children's Code, whether the third-party privacy privilege "apparently sought by Defendants 'promotes sufficiently important interests to outweigh

the need for probative evidence,' where the need for probative evidence is viewed as a very weighty consideration indeed—to the extent that only the strongest considerations on the other side of the scale are capable of outweighing it." *See Pearson*, 211 F.3d at 69 (quoting *Trammel v. United States*, 445 U.S. 40, 51 (1980)).

Here, the issue is whether federal law should recognize a privilege directed at the interests of third parties—the child(ren) whose records are sought—whose interests may be affected by the release of the information here in dispute. It is uncontested these interests hold substantial weight due to the importance of South Carolina's activities directed at the welfare of children. Nevertheless, the Court is persuaded, as other courts have held, these third-party interests are poor candidates for the protection of a Rule 501 privilege, particularly when considering the novelty of the third-party privacy privilege sought by Defendants. *See, e.g., id.* at 70-72 (declining to recognize a privilege under the Federal Rules of Evidence based on the confidentiality provisions of state statutes). The Court holds these interests can be more appropriately protected by the Court's issuing a protective order limiting discovery in accordance with Rule 26(c).

Therefore, the Court holds the Confidentiality Order already entered in the case and the provisions of this Order sufficiently protect the interests of third-party children. The Court finds an in- camera review of the records at issue is not required by federal law. Based on the foregoing, the Court finds the following information, properly redacted, is necessary and relevant to a determination of the merits of this case and, therefore, orders its production subject to the Confidentiality Order in this case.

**A. Individual Files**

The Court finds that the disclosure of certain portions of the SCDSS and Epworth files of

C.W. is necessary and should be disclosed to Plaintiff.  While SCDSS and Epworth continue to object to the release of any portion of C.W.'s file, the Court finds that production of documents that fall into the following categories is relevant and the Court directs SCDSS and Epworth to produce the portions of the subject child's files pertaining to:

1. acting out in sexually inappropriate ways with other children, toys, or objects;

2. forcing someone into sexual activity;

3. rape;

4. sharing beds;

5. possession of pornographic material;

6. requests for sex;

7. masturbation; and

8. rubbing of genitals on self, person, or things.

9. bed wetting, enuresis, and encopresis;

10. bullying others

11. self-mutilation, threats of suicide or homicide, and self-destructive or risk taking behavior;

12. suicidal ideation; and

13. threatening others *only to the extent that the threats relate to coercion for sexual contact*.

The Court directs that SCDSS and Epworth produce the documents as explained above. Further, SCDSS and Epworth are directed to redact all identifying information and use only the child's initials for identification where appropriate.

**B. Out of Home Abuse and Neglect ("OHAN") Files**

SCDSS is further directed to produce the OHAN records for sexual incidents at Epworth Children's Home that occurred between 2010 and 2016. With respect to any records produced involving any other child than the Plaintiff or C.W., SCDSS is directed to completely redact all identifying information.

**C. Licensing Files**

SCDSS is directed to produce the Licensing Records for Epworth Children's Home from 2010 through 2016 to the extent that these files contain any information on sexual activity at Epworth. The production of these files is limited to the categories listed in Section A of this Order that the Court has determined are relevant to the pending litigation. SCDSS is directed to redact the produced documents where appropriate.

All the documents referenced in this Order shall be produced to Plaintiff within thirty days from the date of this Order.

IT IS SO ORDERED.

                                                  s/Donald C. Coggins, Jr.
                                                  United States District Judge

October 19, 2018
Spartanburg, South Carolina

**STIPULATED AND CONSENTED TO BY:**

                                                  *s/Heather Hite Stone*
                                                  HEATHER HITE STONE, DIST. CT. ID NO. 11374
                                                  HITE AND STONE, LLC
                                                  100 East Pickens Street
                                                  Post Office Box 805

Abbeville, SC 29620
864.366.5400 (Office)
864.366.2638 (Fax)
heather@hiteandstone.com
Attorneys for the Plaintiff


*s/Curtis W. Dowling*
CURTIS W. DOWLING, DIST. CT. ID NO. 4185
MATTHEW G. GERRALD, DIST. CT. ID NO. 10055
BARNES, ALFORD, STORK & JOHNSON, LLP
1613 Main Street (29201)
Post Office Box 8448
Columbia, SC 29202
803.799.1111 (Office)
803.254.1335 (Fax)
curtis@basjlaw.com
matt@basjlaw.com
Attorneys for Epworth Children's Home
and Eddie Eades


*s/A. Todd Darwin*
A. TODD DARWIN, DIST. CT. ID NO. 6382
HOLCOMBE BOMAR, P.A.
101 West St. John Street, Suite 200 (29306)
Post Office Box 1897
Spartanburg, SC 29304
864.594.5300 (Office)
864.585.3844 (Fax)
tdarwin@holcombebomar.com
Attorneys for South Carolina Department of Social
Services, Rachel Smith, and Cindy Britton